UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBRA LYNN FORDYCE,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No.: 1:12-cv-01601 - JLT<br><br>FINDINGS AND RECOMMENDATIONS DISMISSING THE ACTION FOR FAILURE TO PROSECUTE AND FAILURE TO OBEY THE COURT'S ORDER<br><br>ORDER DIRECTING THE CLERK OF COURT TO ASSIGN A UNITED STATES DISTRICT JUDGE TO THE ACTION |

On September 28, 2012, Debra Lynn Fordyce ("Plaintiff") initiated an action against the Commissioner of Social Security. (Doc. 1). For the following reasons, the Court recommends the action be **DISMISSED**.

I.   **Procedural History**

The Court issued Summons for the Commissioner of Social Security and its Scheduling Order on October 1, 2012. (Docs. 4-5). The Court ordered: "within twenty (20) days of filing the complaint, appellant shall serve the summons, complaint, the notice and form of consent to proceed before a magistrate judge provided by Local Rule 305(a), and a copy of this order and file a return of service with this court." (Doc. 5 at 2). Further, the Court instructed: "[W]ithin 90 days, all parties shall complete and return the enclosed "Consent to Assignment or Request for Reassignment." (Doc. 5-1 at 1). However, Plaintiff filed proof of service, and she failed to complete the form indicating whether

she consents to the jurisdiction of the magistrate judge.  Therefore, on January 7, 2013, the Court issued an order to show cause why the action should not be dismissed for Plaintiff's failure to prosecute and failure to comply with the Court's orders.  (Doc. 6).

Plaintiff was ordered to respond to the Court's order within 14 days of the date of service, or in the alternative, to file proof of service and complete and file the consent form.  (Doc. 6 at 2).  Again, Plaintiff failed to comply with or otherwise respond to the Court's order.

**II.     Failure to Prosecute and Obey the Court's Order**

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  LR 110.  "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action.  *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules.  *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In determining whether to dismiss an action for failure to prosecute, failure to obey a court order, or failure to comply with the Local Rules, the court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  *Henderson*, 779 F.2d at 1424; *see also Ferdik*, 963 F.2d at 1260-61; *Thomspon*, 782 F.2d at 831.

Here, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal.  The risk of prejudice also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecution of an action.  *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).  Significantly,

Plaintiff was informed that violations of the Court's scheduling order "may result in sanctions pursuant to Local Rule 110." (Doc. 5 at 4). Further, Plaintiff was warned the action may be dismissed "based upon a party's failure to obey a court order [and] failure to prosecute an action." (Doc. 6 at 2). These warnings satisfy the requirement that the Court consider less drastic measures. *See Ferdik*, 963 F.2d at 1262; *Henderson*, 779 F.2d at 1424. Consequently, the policy favoring disposition of cases on their merits is outweighed by the factors in favor of dismissal.

### III.     Order

Good cause appearing therefor, the Clerk of Court is **DIRECTED** to assign a United States District Judge to the action.

### IV.     Findings and Recommendations

Since initiating this action by filing a complaint on September 28, 2012, Plaintiff has not taken any action in the matter. The defendant has not been served with the summons and complaint, and Plaintiff has failed to comply with orders of the Court to provide proof of service. She has failed to prosecute the action and failed to comply with the Court's orders dated October 5, 2012 (Docs. 5 and 5-1) and January 7, 2013 (Doc. 6). Dismissal of the action is appropriate. *See, e.g. Ferdik*, 963 F.2d at 1260-61; *Malone*, 833 F.2d at 130; *Henderson*, 779 F.2d at 1424.

Accordingly, **IT IS HEREBY RECOMMENDED**:

1. This action be **DISMISSED WITHOUT PREJUDICE** for Plaintiff's failure to pay the filing fee and obey the Court's order; and
2. The Clerk of Court be **DIRECTED** to close this action, because this order terminates the action in its entirety.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen days after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **January 23, 2013**                                    **/s/ Jennifer L. Thurston**
                                                                                    UNITED STATES MAGISTRATE JUDGE